**M. J. Hallihan et al., Trading as Hallihan Brothers, Appellees, v. The Home Insurance Company of New York, Appellant.**

**Gen. No. 8,653.**

Opinion filed August 20, 1932.

HERRICK & HERRICK, for appellant.

GEORGE J. SMITH, for appellees.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

Appellees recovered a judgment in the sum of $300 against appellant in an action of assumpsit based upon an insurance policy covering loss by damage by fire and lightning to the horses of appellees.

Appellant filed a plea of nonassumpsit and one special plea. It is averred in the special plea that the policy contains the following provision: "No suit or action against this company for any loss under this policy shall be sustained in any court of law or equity, unless commenced within one year next after the fire," and that said suit was not commenced within one year "next after the alleged injuries to said horses." It is averred in the declaration that the horses were injured by being struck by lightning and as a direct result thereof became totally blind. The plea does not answer the declaration because the horses were not injured by fire and the limitation provision in the policy only applies to injuries received by fire. A

demurrer to this plea was properly sustained by the court.

The evidence for appellees tended to show that on November 16, 1928, the three horses which it is alleged were injured by lightning were in a pasture on a farm owned and operated by appellees; that at that time they were sound and not afflicted with blindness nor any other disease. On the night of that day there was a very severe rain and electrical storm and on the following morning when appellees went to the pasture the three horses were very excited, running around in circles and it was discovered that each of them was blind. A part of the pasture fence was knocked down and there were scratches on the bodies of the horses showing that apparently they had run into the barbed wire on the fence. The veterinary produced as a witness by appellees testified that upon an examination of the horses in his opinion the blindness was caused by an electrical shock. The expert evidence introduced by appellant tended to show that the blindness was caused by a disease known as periodic ophthalmia commonly called ''moon blindness''; that this disease comes by spells or periods anywhere from one to four or five months apart and takes five to seven or eight attacks to cause complete blindness. There is no conflict in the evidence that the horses were completely blind on the morning after the storm and there is no evidence tending to show that they had had a previous attack. The evidence introduced by appellees, consisting of the testimony of themselves and of several neighbors who had known the horses, tended to show that shortly before the time in question they were not afflicted with blindness. There is no evidence that moon blindness is contagious. The jury had a right to consider all these facts and the unreasonable probability that three sound horses should overnight become blind by a disease of which they had no symptoms

before. The evidence further disclosed that the facts that on the following morning the horses were nervous, excited and trembling were symptoms that they had received a very severe nervous shock. Under the above circumstances we would not be justified in holding that the verdict is contrary to the manifest weight of the evidence.

It is claimed by counsel for appellant that the court erred in giving some of the instructions offered by appellees and in refusing to give one offered by appellant. We have examined these instructions in the light of the criticisms made of them and find there are no reversible errors therein.

The judgment of the circuit court is affirmed.

*Affirmed.*