Yetta Forman, Administratrix, etc., of Michael Forman, Deceased, Plaintiff, *v.* The Home Insurance Company, New York, Defendant.

City Court of New York, Special Term, Kings County, June 10, 1940.

*Goldstein & Goldstein,* for the plaintiff.

*Milton P. Kinsey,* for the defendant.

Livingston, J. This action against the defendant fire insurance corporation is based on a " lightning clause " rider to a fire insurance policy. A loss due to lightning is alleged to have occurred on June 21, 1937. Suit was commenced more than one year later, to wit, on March 21, 1940. Defendant pleads a one-year limitation to the bringing of the action. Plaintiff moves to strike out said defense as insufficient in law.

Generally, limitations of actions are prescribed in article 2 of the Civil Practice Act. Unless otherwise restricted, the action in question could be brought within a six-year period. (Civ. Prac. Act, § 48.)

Section 10 of the Civil Practice Act says:

" *The provisions of this article apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases* (italics, the court's):

" 1. A case where a different limitation is specially prescribed by law or a shorter limitation is prescribed by written contract of the parties   *   *   *.* "

Accordingly, to sustain the defense sought to be stricken out, we must find a different limitation prescribed by law, or a shorter

one prescribed by a written contract, bearing in mind the provisions of section 10, as well as the liberal tendency of the courts, " to extend to all claims the benefit of the exceptions * * * to the bar of the Statute of Limitations, except where there is an express statute or contract to the contrary." (*Sharrow* v. *Inland Lines, Ltd.*, 214 N. Y. 101; *Conolly* v. *Hyams*, 176 id. 403, 407.)

Section 121 of the Insurance Law provides for the use of a standard fire insurance policy. Section 1193 of the Penal Law makes the issuance of a policy not in standard form a misdemeanor. Section 121 further provides for standardizing the form of riders upon the determination of the Superintendent of Insurance. Hence, the defendant argues, such language as was used in the policy and the rider was not alterable by it. Such argument, however, is not very convincing, as the section provides that changes may be made from time to time, as well as the mechanics therefor.

The policy contained the following limitation:

" Suit. No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months *next after the fire.*" (Italics, the court's.)

It has been held that this limitation, though inserted in the policy in the form of a contract, was practically specially prescribed by law. (*Hamilton* v. *Royal Ins. Co.*, 156 N. Y. 327, 336.) This holding is readily understandable, as the Legislature adopted a specific form of policy then in existence, with known terms and provisions, so that the effect was the same as if the form of the policy had been inserted in the statute verbatim.

Hence, there is a limitation of one year, prescribed by law, applicable to a fire insurance policy. Does this limitation apply to a loss by lightning?

The standard form of fire policy specifically exempts loss by lightning, unless followed by fire, and then covers only the fire damage. Section 110 of the Insurance Law permits fire insurance corporations to insure against loss by lightning and section 121 provides that the Superintendent of Insurance may approve supplemental contracts or riders to cover such risk, in addition to the fire risk.

The rider in question, reads:

" Lightning clause — This policy shall cover any direct loss or damage caused by Lightning (meaning thereby the commonly accepted use of the term Lightning, and in no case to include loss or damage by cyclone * * *) not exceeding the sum insured, nor the interest of the insured in the property, *and subject in all*

*other respects to the terms and conditions of this policy;* \* \* \*." (Italics, the court's.)

The Legislature adopted no standard form of lightning policy. The only limitation to an action to recover on a lightning loss, so far as legislative enactment is concerned, is contained in section 48 of the Civil Practice Act (six years). While the Legislature gave the Superintendent of Insurance power, at various times in the future, to adopt or approve standard forms of rider, including lightning, on application duly made, it must be assumed such power was merely to regulate the form of contract that could be entered into by fire insurance corporations and not to delegate to the Superintendent the power to legislate, as for example, to amend the Statute of Limitations. Such a delegation of power would be of very questionable constitutionality.

Hence, it would appear, any reduction in the limitation of an action on a lightning rider to a period less than six years, is one of contract and not statutory.

The limitation in the fire policy, referring as it does solely to a fire, and containing the language " commenced within twelve months next after the fire," has been held not, *per se*, to make a rider covering other insurance subject to such limitation of time. (*Fantozzi* v. *Security Mut. Fire Ins. Co.*, 247 App. Div. 686.) The problem, then, is whether the language of the " lightning clause " rider, the contract between the parties, clearly implies such a restriction.

The defendant urges that the words in the rider, " and subject in all other respects to the terms and conditions of this policy," carry such implication. With this contention this court is unable to agree. The language of the limitation in the fire policy says the action must be brought " within twelve months next after the fire." There was no fire. Accordingly, even if we interpret the words " and subject in all other respects to the terms and conditions of this policy," most favorably to the defendant, there is no fire, from the date of which a one-year limitation can be admeasured.

What the defendant asks is equivalent to substituting the word " lightning " for " fire " in the limitation. The expression " subject in all other respects to the terms and conditions of this policy " cannot be construed to mean that the " lightning clause " is deemed a rewritten fire insurance policy with the word " lightning " substituted for " fire " in every appropriate instance.

Such may have been the original intention of the defendant or the Superintendent of Insurance in an effort to say a great deal in few words. However, one may not reasonably infer such meaning

from the language used. There is ambiguity at best, which must be resolved in favor of the insured.

"Although we are dealing with a provision in the standard form of policy, the general rule of construction against the party preparing the instrument applies." (*Gridley* v. *Home Ins. Co.*, 226 App. Div. 596, 599; affd., 254 N. Y. 635.)

A similar situation seems to have arisen, and to have been similarly disposed of, in *Hallihan* v. *Home Insurance Co. of New York* (267 Ill. App. 343), where the court held that the limitation in the standard fire policy did not apply to the lightning rider.

Motion granted. Order signed.