Argued May 26; affirmed June 23; rehearing denied
September 8, 1942

# NICKERSON *v.* MECKLEM ET AL.

(126 P. (2d) 1095)

Before KELLY, Chief Justice, and BELT, BAILEY, RAND and ROSSMAN, Associate Justices.

*Ralph E. Moody* and *John H. Carson*, both of Salem (Carson & Carson, of Salem, on the brief), for appellants.

*B. A. Green*, of Portland (Green, Boesen & Landye, of Portland, on the brief), for respondent.

BELT, J. This is a special statutory proceeding brought under the Corrupt Practices Act (§ 36-2401–§ 36-2454, Oregon Code 1930) by a voter and resident of the state of Oregon to compel the defendants to file an itemized statement with the secretary of state showing contributions and expenditures made by various individuals, organizations, and committees for the purpose of securing the passage of an initiative measure entitled, "A Bill Regulating Picketing and Boycotting by Labor Groups and Organizations." The measure was approved by a majority vote at the regular election on November 8, 1938. This court, however, declared the act unconstitutional. (*A. F. of L. v. Bain, et al.,* and *C. I. O. v. Bain, et al.,* 165 Or. 183, 106 P. (2d) 544, 130 A. L. R. 1278.)

Demurrers were interposed separately by defendants to the petition on the grounds that:

(1) The court has no jurisdiction of the "person of the respondent" nor the "subject of the action";

(2) The petition does not state facts sufficient to constitute a cause of action; and

(3) The action has not been commenced within the time limited by the Code.

The demurrers were overruled and, upon refusal of the defendants further to plead, a "decree" was entered directing them, and each of them, to file a statement as prayed for in the petition. Defendants appeal.

■ Respondent asserts that the Corrupt Practices Act is a special statutory proceeding, complete within itself, and, since the statute makes no provision for appeal to this court, the appeal should be dismissed. Several decisions of this court are cited in support of such contention, but these were rendered prior to the enactment of Ch. 248, Laws of Oregon for 1927, (§ 11-103, O. C. L. A.) and are no longer controlling. Such statute provides:

"An appeal may be taken from the circuit court to the supreme court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action at law or suit in equity, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

We think the above statute is a complete answer to such contention. The motion to dismiss the appeal is denied.

The gravamen of the petition is that the defendants Horace Mecklem and other named defendants together with various other individuals whose names are unknown to the plaintiff, acting jointly under the assumed name of the "Oregon Business Council" and through the corporations, the Associated Farmers of Oregon, MacWilkins & Cole, and Eastern Oregon Wheat League, raised funds in excess of $80,000, "with the sole objective" of using and expending said money in matters of publicity affecting the passage of the above mentioned initiative measure. Petitioner avers that

defendants "acting jointly and collectively" did expend the funds thus collected in furtherance of the passage of such measure, but have failed to file any statement with the secretary of state designating the names of the contributors to such fund, showing the sums of money donated by each of them and their respective expenditures for such purpose.

Defendants contend that the Corrupt Practices Act relates only to candidates for office and not to initiative measures and, therefore, its provisions concerning the filing of itemized statements of contributions and expenditures can have no application. It is further urged that if measures are embraced within the act—which defendants deny—then that part of the act in relation thereto is unconstitutional as the subject expressed in the title to the act is restricted to candidates.

The Corrupt Practices Act (Ch. 3, Laws of Oregon for 1909) is entitled:

"AN ACT

To propose by initiative petition a law to limit candidates' election expenses; to define, prevent and punish corrupt and illegal practices in nominations and elections; to secure and protect the purity of the ballot; to amend section 2775 of Bellinger and Cotton's Annotated Codes and Statutes of Oregon; to provide for furnishing information to the electors and to provide the manner of conducting contests for nominations and elections in certain cases."

While there have been some amendments to the act—attention to which will be later directed—the title has remained the same since its original enactment in 1909.

The purpose of the constitutional provision (Art. IV § 20, Constitution of Oregon) that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in

the title ＊ ＊ ＊'' is plain. It is to prohibit embracing within a bill matters having no relation to the subject as expressed in the title. The word, ''subject'' includes the chief thing to which the statute relates and the matters properly connected therewith are matters germane to and having a natural connection with the general subject of the act: *State v. Eaton, et al.*, 119 Or. 613, 250 P. 233; *State v. Laundy*, 103 Or. 443, 204 P. 958, 206 P. 290; *Clayton v. Enterprise Electric Co.*, 82 Or. 149, 161 P. 411; *In re Willow Creek*, 74 Or. 592, 144 P. 505, 146 P. 475; *Pacific Elevator Co. v. Portland*, 65 Or. 349, 133 P. 72, 46 L. R. A. (N. S.) 363. Initiative measures must conform to this constitutional provision as do acts enacted by the legislature: *Malloy v. Marshall-Wells Hardware Co.*, 90 Or. 303, 173 P. 267, 175 P. 569, 176 P. 589; *Turnidge v. Thompson*, 89 Or. 637, 175 P. 281.

██ We think the provision requiring the filing of statements of contributions and expenditures by those who oppose or favor certain proposed initiative measures is germane to or connected with that part of the title concerning ''corrupt and illegal practices in *elections*'' and the ''purity of the ballot''. Voting upon a measure is as much a part of the election as voting for or against a candidate. Needless to say, the people, in enacting the Corrupt Practices Act, desired to maintain the ''purity of the ballot'' and to prohibit ''illegal practices in elections'' whether a measure or a candidate be involved. To hold that the title restricts the act to candidates alone requires that the clauses referring to the ''purity of the ballot'' and ''illegal practices in elections'' be utterly disregarded. We think the title should be considered in its entirety to determine the intention of the voters in enacting this law. We con-

clude that the title is broad and comprehensive enough
to embrace any provisions in the act requiring the filing
of statements of contributions and expenditures where
measures are involved.

■■ As a minor proposition, defendants urge that it
is plain from the act itself that the filing of statements
is not required where initiative measures are involved.
It is also asserted that, in any event, under the law
applicable at the time of the 1938 election, it was not
required that statement of contributions be made.

Section 12 of the act (§ 36-2412, Oregon Code 1930)
provides that:

"Every *political committee* shall have a treasurer,
who is a voter, and shall cause him to keep detailed
accounts of all its *receipts*, payments, and liabilities.
Similar accounts shall be kept by every person, who
in the aggregate receives or expends money or incurs
liabilities to the amount of more than $50 for *political
purposes* and by every political agent and candidate.
*Such accounts shall cover all transactions in any way
affecting or connected with the political canvass, cam-
paign, nomination, or election concerned.* * * *
Any person not a candidate for any office or nomina-
tion who expends money or value to an amount greater
than $50 in any campaign for nomination or election,
to aid in the election or defeat of any candidate or
candidates, or party ticket, *or measure before the peo-
ple,* shall within ten days after the election in which
said money or value was expended, *file with the secre-
tary of state in the case of a measure voted upon by
the people* * * * an itemized statement of such
*receipts* and expenditures and vouchers for every sum
paid in excess of $5, and shall at the same time deliver
to the candidate or treasurer of the political organiza-
tion whose success or defeat he has sought to promote,
a duplicate of such statement and a copy of such vouch-
ers. The books of account of every treasurer of any
political party, committee, or organization, during an

election campaign, shall be open at all reasonable office hours to the inspection of the treasurer and chairman of any opposing political party or organization for the same electoral district; and his right of inspection may be enforced by writ of mandamus by any court of competent jurisdiction." (Italics ours.)

Section 13 (§ 36-2413, Oregon Code 1930) provides, among other things, for transmitting copies of the act to "the several candidates" and "also to any other person required to file a statement  *  *  *". This section expressly recognizes that there are persons other than candidates who are required to file statements. There are various other provisions in the act guarding against illegal and corrupt practices in elections where a "measure is before the people" indicating that the filing of a statement by those opposing or favoring an initiative measure is in keeping with the purpose and spirit of the act. We think the above is sufficient to show a clear intention not to restrict to candidates the requirement that such statements be filed with the secretary of state. One of the chief purposes of the Corrupt Practices Act is to prevent fraud and insure purity of elections by limiting the amount of campaign expenses. People have the right to know —and it is so contemplated by the act—who is spending money and the amount thereof to secure the approval or rejection of an initiative measure. As said in *La-Belle v. Hennepin County Bar Ass'n*, 206 Minn. 290, 288 N. W. 788, 125 A. L. R. 1023:

"The purpose of the corrupt practices law is to prevent fraud and to insure the purity of elections by limiting the amounts of campaign expenses, prohibiting corporate campaign contributions, requiring publicity of all campaign contributions and regulating practices incident to political campaigns. That nonprofit corporations and associations may raise funds for expendi-

ture on behalf of candidates and measures to be voted on at an election as effectively as those organized for pecuniary profit is apparent from the decisions.''

■ We think the act requires the filing of a statement showing contributions as well as expenditures. How could a ''political committee'' which, under § 10 of the act (§ 36-2410, Oregon Code 1930) applies to ''every combination of two or more persons who shall aid or promote the success or defeat of a candidate, or a political party or principle * * *'', keep detailed accounts of all its *receipts*, payments and liabilities'' without showing the names of contributors and the amount donated by each? It should be borne in mind that the accounts ''shall cover all transactions in any way affecting or connected with the * * * election concerned.'' We are not unmindful of the amendment of § 12 of the act in 1939 (Ch. 475, Laws of Oregon for 1939; § 36-2412, Oregon Code 1930), specifically requiring the filing of a statement showing contributions as well as expenditures but, in our opinion, such amendment was only a clarification of the act. It was so required before the amendment.

The intention of the people in adopting this initiative measure to require the filing of a statement showing contributions as well as expenditures is clearly indicated by the official ballot title (See Voters' Pamphlet for 1908, p. 99):

''A Bill for a law to limit the amount of money candidates and other persons may contribute or spend in election campaigns; to prohibit and punish the corrupting use of money and undue influence in elections; to protect the purity of the ballot and furnish information to voters concerning candidates and all political parties, partly at public expense.''

It is also significant that the ballot title refers not only to candidates but to "other persons" who "contribute or spend in election campaigns    *   *   *"

It is contended that plaintiff failed to allege facts showing compliance with the Corrupt Practices Act as a condition precedent to the right to maintain this statutory proceeding. More specifically, it is contended that the petition is insufficient in that plaintiff failed to allege compliance with § 14 of the act (§ 36-2414, Oregon Code 1930) which, so far as material herein, provides:

"The several officers with whom statements are required to be filed shall inspect all statements of accounts and expenses relating to nomination and elections filed with them within ten days after the same are filed; and if upon examination of the official ballot it appears that any person has failed to file a statement as required by law, or if it appears to any such officer that the statement filed with him does not conform to law, or upon complaint in writing by a candidate or by a *voter* that a statement filed does not conform to law or to the truth, or that any person has failed to file a statement which he is by law required to file, said officer shall forthwith in writing notify the delinquent person. Every such complaint filed by a *citizen* or candidate shall state in detail the grounds of objection, shall be sworn to by the complainant, and shall be filed with the officer within sixty days after the filing of the statement or amended statement.   *   *   *" (Italics ours.)

Plaintiff concedes non-compliance with the above section and admits that no objection to the statement of the defendants was filed by him with the secretary of state, but asserts that it was not necessary to do so as he commenced this suit by virtue of § 16 of the act (§ 36-2416, Oregon Code 1930) which, he avers, is complete in itself.

It is observed from the provisions of § 14 that a voter has the right to file objections to statements with the secretary of state and said officer shall thereupon notify the delinquent person concerning the same. Under § 15 of the act (§ 36-2415, Oregon Code 1930), if the delinquent fails to file a statement in compliance with the act within ten days after receiving the notice designated in § 14, the secretary of state "shall forthwith notify the district attorney where said violation occurred and shall furnish him with copies of all papers relating thereto, and said district attorney shall within sixty days thereafter examine every such case, and if the evidence seems to him to be sufficient under the provisions of this act he shall in the name of the state forthwith institute such civil or criminal proceedings as may be appropriate to the facts."

Section 16 provides:

"The circuit court of the county in which any statement of accounts and expenses relating to nominations and elections should be filed, unless herein otherwise provided, shall have exclusive original jurisdiction of all violations of this act, and may compel any person who fails to file such a statement as required by this act, or who files a statement which does not conform to the provisions of this act in respect to its truth, sufficiency in detail or otherwise, to file a sufficient statement, upon the application of the attorney general or of the district attorney, or the petition of a candidate or of any voter. Such petition shall be filed in the circuit court within sixty days after such election if the statement was filed within the fifteen days required, but such a petition may be filed within thirty days after any payment not included in the statement so filed."

■ It is apparent that the act is loosely drawn and some of the language therein tends to obscure thought rather than express it, but it is believed that the right

of the voter to file objections under § 14 of the act has nothing to do with the authority conferred upon him by § 16 to petition the circuit court to compel defendants to comply with the Corrupt Practices Act. The objections filed by the voter, by virtue of § 14, have to do with the proceedings instituted by the district attorney. The failure of the "voter" to file any objection with the secretary of state does not prevent him from exercising his right to institute proceedings under § 16 of the act.

Assume that such a person filed a statement of money expended by him in connection with an election within fifteen days of such election and that it did not conform to the "law or to the truth". Under § 14 of said act, a voter must file a complaint to said statement with the proper officer within sixty days after the filing of the statement. Under § 16 of the act, the petition which the voter is authorized to file must be filed in the circuit court within sixty days after the election if the statement was filed within fifteen days after such election. Under § 14, therefore, a complaint might be filed by a voter after the time for filing a petition under § 16 had expired. Furthermore, a voter might file a complaint under § 14 and if he had to wait, as claimed by appellants, until after the state official had notified the guilty party, his right to file a petition under said § 16 might have expired before the offending party was notified by the state official. We conclude that the right to file a petition in the circuit court under § 16 was given a voter, regardless of the provisions of § 14.

We are not unmindful that, under this construction of the statute, there may be instances wherein a candidate or those opposing or advocating an initiative measure will be harassed and annoyed by proceedings

without just cause. However, such evils are inconsequential compared to those that might result by concealing from the public the names of contributors and the amounts contributed by them in election campaigns —whether measures or candidates are involved. The purity of the ballot can best be maintained by requiring a full and complete disclosure to the public of those individuals, committees, or organizations expending money and the amounts contributed in opposition to or in advocacy of measures affecting the public welfare. We can see no just cause or reason why the defendants should refuse to reveal what they contributed, if anything, towards securing the passage of the initiative measure in question. We think the construction which we have given to the act is in keeping with its purpose and spirit and will tend towards good government.

Finally, it is urged that this proceeding is barred for the reason that it was not commenced within the time limited by statute. Section 16 requires that such "petition shall be filed in the circuit court within sixty days after such election if the statement was filed within the fifteen days required, but such a petition may be filed within thirty days after any payment not included in the statement so filed." The petition was filed January 5, 1939, or within sixty days after the election. Defendants argue that, since the order to show cause was not made until February 6, 1939, the proceeding was not commenced within sixty days after the election. The fallacy of this contention lies in the assumption that the general statute of limitations applies to special statutory proceedings: *Burns v. White Swan Mining Company*, 35 Or. 305, 57 P. 637; 34 Am. Jur. pp. 48 & 91; 37 C. J. 797. In the instant case, plaintiff complied with § 16 of the act by filing his petition

within the time specified therein. We recognize that there is no procedure provided in such section, aside from the filing of the petition, and, by reason thereof, § 13-715, O. C. L. A., applies. This section provides:
"* * * if the course of proceeding be not specifically pointed out by this Code, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

It is not believed, however, that the statute of limitations applicable to ordinary civil proceedings may be invoked where the special statutory proceeding involved specifies in effect when the proceedings must be commenced.

The decree is affirmed.