Aboh Steueb, J.
Defendants move for summary judgment dismissing each of the four causes of action. The undisputed facts are that plaintiff is the owner of a building in Brooklyn. On December 3, 1956 there was an explosion at a pier some distance from plaintiff’s building but which caused some damage to the building. Defendants are insurance companies which *748 had issued policies of insurance to plaintiff covering this type of damage. Plaintiff gave notice to defendants and thereupon had a builder survey its building to ascertain the extent of damage. Plaintiff also designated a public adjuster who met with defendants’ adjusters and between them these adjusters agreed upon the amount of damage. This sum was paid and plaintiff released defendants.
The first cause of action is for additional damage that plaintiff claims it discovered subsequent to the payment and is on the policies. These instruments provide that any suit must be brought “within twelve months next after inception of the loss.” Admittedly this action was begun more than 12 months after the explosion. Plaintiff claims that the damage was discovered only a few months before suit was instituted. This is immaterial. The words “ inception of the loss ” in a standard policy have been construed with careful attention and they mean the occurrence of the event insured against (Margulies v. Quaker City Fire & Marine Ins. Co., 276 App. Div. 695). The first cause of action is barred.
The second and third causes of action are for fraud. No specific claims of misrepresentation are alleged or set nut in the affidavits. All that appears in that respect is that plaintiff’s president says that his representatives in the adjustment told him that the insurance company representatives said the damage was about $1,000 and he believed them. His own builder had reported $1,900. None of the items now in suit are embraced in the difference. The basis of plaintiff’s claim is that defendant New York Board of Fire Underwriters handled hundreds of claims arising from this explosion and that in the course of so doing it must have learned of the severity of the explosion. From this it should have known that plaintiff’s damage was more severe than plaintiff claimed and failed to advise plaintiff of it. Aside from the fact that this is pure surmise and no facts support it and that it assumes that defendants discovered damage that plaintiff’s own representatives did not find, there are even more serious difficulties. An insurance company is not a trustee for its insured. It has no obligation to inform its insured of the latter’s damage. There is no showing or reason to believe that any false statement was made. Lacking such these causes of action must fail.
The fourth cause of action seeks to rescind the releases. The only purpose of this cause of action would be to remove a barrier to the prosecution of the other three. As the other *749 three are without merit for other reasons, getting this relief would not help plaintiff.
The motion is granted and the elerk is directed to enter judgment accordingly.