Argued February 11, appeal dismissed and cause remanded
March 2, 1960

IN THE MATTER OF THE ESTATE OF
HENRY DESBOROUGH, Deceased
SCHULMERICH v. FIRST NATIONAL BANK
OF PORTLAND ET AL
349 P. 2d 849

*Howard I. Bobbitt,* Portland, argued the cause and filed briefs for appellant.

*John E. Walker* and *Clarence D. Phillips,* Portland, argued the cause and filed a brief for respondents.

Before McALLISTER, Chief Justice, and LUSK, SLOAN and DUNCAN, Justices.

DUNCAN, J. (Pro Tempore)

An appeal by plaintiff from an order of the Probate Department of the Circuit Court of the State of Oregon for Multnomah County denying his motion for an order permitting him to amend his petition contesting the will of Henry Desborough.

On May 7, 1957, the will of Henry Desborough was admitted to probate in said court and on May 8, 1957, the order admitting the will was entered in the journal.

On October 31, 1957, Viola E. Schulmerich, herein called the plaintiff, filed in said estate proceeding a petition to contest the will. Her petition was entitled "In The *County* Court of the State of Oregon for the County of Multnomah." (Emphasis supplied.)

On December 31, 1957, plaintiff filed a motion for leave to amend the caption of her petition to make it read "In The *Circuit* Court of the State of Oregon of the County of Multnomah, Department of Probate." (Emphasis supplied.)

On January 13, 1958, an order was entered denying plaintiff's motion to amend but on January 23, 1958, an order was entered vacating the order of January 13, because of certain recitals contained therein. Thereafter, on said January 23, there was entered the order appealed from, the substance of which reads:

> "IT IS HEREBY ORDERED that the motion to amend the petition of the Contestant filed in the County Court of the State of Oregon for the County of Multnomah be and the same is hereby denied."

It further appears that on October 31, 1957, summons entitled "In the County Court of the State of

Oregon for Multnomah County" was placed in the hands of the sheriff of Multnomah County and on the same day served on defendants First National Bank and Salvation Army; that on November 12, 1957, said defendants appeared separately and specially seeking to quash service of summons and to dismiss the petition contesting the will. On January 3, 1958, after a hearing, the court entered an order that the service of summons on said defendants "be quashed and held for naught."

The contest proceedings were not dismissed.

Defendants contend that the order denying the motion to amend is not appealable. Under ORS 19.010(2)(a) if the same is "an order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein," it is reviewable on appeal.

Whether the order was appealable or not will be first considered.

The general statutes of limitations, ch 12 of ORS are intended only to apply to common law rights of action. They do not affect a special statutory proceeding which sets up its own limitation as has the probate code pertaining to will contests. ORS 115.180; *Burns v. White Swan Mining Co.*, 35 Or 305, 57 P 637; *Nickerson v. Mecklem,* 169 Or 270, 282, 126 P2d 1095; 2 Page on Wills (Lifetime ed) 137, § 604. Therefore, ORS 12.020 and 12.030 which provided that for the purpose of determining whether an action has been commenced within the time limited, it shall be deemed commenced when the complaint is filed and the summons served or delivered to the serving officer with the intent that it be actually served, do not govern the present proceeding.

■ The contesting petition having been filed October 31, 1957, was within the time limited by ORS 115.180. ORS 16.370 provides that "Any pleading may be once amended by the party of course, without costs and without prejudice to the proceedings already had, at any time before the period for answering it shall expire; * * *."

■ The service of summons on defendants was quashed by order of the court. It does not appear that an alias or new summons or citation was issued. Consequently, at the time of entry of the order denying motion to amend, plaintiff had a right as of course without permission of the court to file an amended petition. As a result, the order of court denying plaintiff's motion did not determine the case and hence was not appealable.

■ On the question of whether or not it is permissible to amend the caption of a proceeding to state the correct name of the court, the general rule is that such an amendment is proper. *Rosewater v. Horton,* 4 Neb Unof 205, 93 NW 681; *Kunnes v. Kogos,* 168 La 682, 123 So 122, 65 ALR 706. This rule is in keeping with the purpose of ORS 16.390 which permits the court at any time before a case is submitted to correct a mistake in the name of a party "or a mistake in any other respect * * *." Also, it is the general rule that an amended pleading which introduces no new cause of action ordinarily relates back to the time of filing the original pleading. 71 CJS 713, Pleading § 320b.

■ Defendants question the jurisdiction of the Circuit Court because of plaintiff's mistake of entitling the petition and summons in the County Court instead of in the Circuit Court. It is doubted that the Circuit Court adopted that theory because it did not grant

defendants' motion to expunge plaintiff's petition from the probate record. From the ruling last above stated, that the mistake in the title of the court is amendable, it follows that the Circuit Court had jurisdiction of the cause from the time the petition to contest was filed, and we now so hold.

■ Whether service of the petition should be effected by summons or citation can be determined by the trial court pursuant to ORS 1.160 authorizing adoption of any suitable process or mode of proceedings.

When want of jurisdiction on appeal appears, it is the duty of the court to refuse to proceed further. *McEwen et ux v. McEwen et al,* 203 Or 460, 470, 280 P2d 402.

Plaintiff's appeal is dismissed and the case remanded to the trial court.