Argued January 10, reversed March 21, petition for rehearing
denied May 22, 1962

# BELL ET AL *v.* QUAKER CITY FIRE & MARINE INSURANCE COMPANY

370 P. 2d 219

*Karl Clinkinbeard,* Medford, argued the cause for appellant. On the brief were Haviland & Clinkinbeard.

*Ben Day,* Medford, argued the cause for respondent. On the brief were Day & Courtright.

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

LUSK, J.

This is an action on a policy of fire insurance. In a jury trial plaintiffs had a verdict and the defendant insurance company has appealed from the ensuing judgment.

There are a number of assignments of error, but in the view we take of the case, the assignment directed to the court's denial of the defendant's motion for involuntary nonsuit on the ground that the action is barred by the statute of limitations, is the only one that calls for discussion. We think that the motion should have been allowed.

ORS 744.100 prescribes certain provisions which a standard fire insurance policy on property in this state must contain, among them the following:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."

The policy sued on contained such a provision.

The question is whether this action was commenced "within 12 months next after inception of the loss." The fire occurred on October 11, 1957, and the complaint was filed on October 10, 1958, and summons delivered to the sheriff on October 20, 1958. Service of complaint and summons was not made on the defendant until December 16, 1958.

ORS 12.020 provides:

"For the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him."

ORS 12.030 provides:

"An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this chapter, when the complaint is filed, and the summons delivered, with the intent that it be actually served, to the sheriff or other officer of the county in which the defendants or one of them usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office

for the transaction of business. But such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days."

If these sections govern the case and if the twelve-months' period began to run from the date of the fire the action is barred, for in that event it would not have been commenced until 12 months and 64 days after the fire.

■ The plaintiffs contend that the action was commenced on the day the complaint was filed (which was one day before the expiration of the statutory 12-months' period) and that the governing statute is ORS 15.020, which provides:

"Action shall be commenced by filing a complaint with the clerk of the court. Any time after the action is commenced the plaintiff or his attorney may issue as many original summonses as either may elect and deliver one of such summonses to the sheriff of each county in which service on any defendant is desired."

Under this section the filing of the complaint is the commencement of an action for all purposes except determining the running of the statute of limitations. *Matlock v. Matlock,* 87 Or 307, 170 P 528, and cases there cited. But the plaintiffs argue that the present case falls within the rule of such decisions as *Schulmerich v. First National Bank,* 220 Or 528, 349 P2d 849; *Nickerson v. Mecklem,* 169 Or 270, 272, 126 P2d 1095; *Shea v. Graves,* 142 Or 503, 509, 19 P2d 406; and *Burns v. White Swan Mining Co.,* 35 Or 305, 310, 312, 57 P 637. The holdings of these cases is thus summarized in *Schulmerich v. First National Bank,* supra (a will contest), 220 Or at 531:

"The general statutes of limitations, ch 12 of ORS are intended only to apply to common law

rights of action. They do not affect a special statutory proceeding which sets up its own limitation as has the probate code pertaining to will contests. * * *"

*Nickerson v. Mecklem* was a suit to enforce a provision of the corrupt practices act; *Burns v. White Swan Mining Co.,* a suit to foreclose a miner's lien; and *Shea v. Graves* a suit to foreclose a mechanic's lien. *Peters et al. v. McKay et al.,* 195 Or 412, 238 P2d 225, 246 P2d 535, another case cited by the plaintiffs, was an action to recover escheated property. The action was brought against the state under a consent statute and it was held that "[n]one of the periods of limitation specified in Title 1, chapter 2 [OCLA], relating to limitation of actions, refer to the time within which an action may be brought against the state." 195 Or at 423. Title 1, chapter 2, OCLA, is now ORS, Title 2, chapter 12.

These decisions are not apposite because this is neither an action against the state nor one to vindicate a right created by statute, but a common law action to recover money under a contract. The right would have existed had there been no statute. The legislature, in the exercise of its power to regulate the business of insurance has, by the enactment of ORS 744.100, prescribed certain provisions which shall be included in every contract of fire insurance, among them the 12-months' limitation period for bringing an action on such a contract. It has limited an insurance company's right to contract, but it has not undertaken either to create a right or provide a remedy. If no special statute of limitations had been prescribed, the case would be governed by ORS 12.080, which fixes a six-year limitation for bringing an action on a contract. Nor is ORS, Title 2, chapter 12, any the less applicable

to the present case because of the special limitation governing the time for suing on a contract of fire insurance, for ORS 12.010 provides:

> "Actions at law shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, *except where a different limitation is prescribed by statute. * * ***" (Italics added.)

In effect, the legislature has amended ORS 12.080 and the case is no different than if the limitation with respect to insurance contracts had been added to that section by way of exception or proviso.

■ We think, therefore, that the commencement of the action in this case is determined, not by ORS 15.020, but by ORS 12.020 and 12.030. Under the latter section an attempt to commence an action is deemed equivalent to the commencement thereof, but such an attempt, to be effective, must be followed by service of the summons within 60 days after filing the complaint. When, as here, more than 60 days have elapsed after the filing of the complaint before such service and in the meantime the period of limitation has run, the action is barred. *Lang v. Hill,* 226 Or 371, 360 P2d 316; *Dutro v. Ladd,* 50 Or 120, 91 P 459.

The plaintiffs insist, however, that, even though ORS 12.020 and 12.030 govern the case, still the action was commenced in time. They rely upon the language of ORS 744.100 that the action must be "commenced within 12 months next *after inception of the loss.*" (Italics added.) That event is asserted to have occurred on February 13, 1958, when defendant mailed to the plaintiffs, after the latter had submitted proofs of loss, a letter rejecting their claim and declaring the policy to be void. Service of summons and complaint

on the defendant was made within less than 12 months after February 13, 1958, and so, if plaintiffs' construction of the words "after inception of the loss," is correct, they were within time.

The argument for that construction proceeds in this wise: In *Egan v. Oakland Insurance Co.*, 29 Or 403, 42 P 990, 54 Am St Rep 798, the court construed a provision of a fire insurance policy reading:

> "* * * No suit or action on this policy for the recovery of any claim shall be sustained * * * unless commenced within six months next after the fire shall have occurred. * * *" 29 Or at 404.

The court held that this provision should be given effect according to its plain and unambiguous meaning and declined to approve the decisions of some of the courts which assumed that there is no material difference between the phrase "after the fire" and "after the loss" or language similar thereto. The court pointed out that, while some courts had construed such phrases as "after the loss" to mean "that the limitation shall be computed from the time the amount of the loss is ascertained and payable, and the assured's right to bring an action accrues, and not from the time of the happening of the loss * * *", other courts of equal weight and respectability had construed those phrases to mean "that the assured's right of action must be computed from the date of the happening of the loss, and not from the time the insurer is required to pay." 29 Or at 405, 406. One of the cases referred to in which the court had assimilated "after the fire" to "after the loss" was *Steel v. Phoenix Insurance Company*, 51 F 715, a decision of the Circuit Court of Appeals for the Ninth Circuit (aff 154 US 518, 14 S Ct 1153, 38 L ed 1064). According to the argument on behalf of the plaintiffs, the change in the

622

language of the statute from "fire" to "loss" (as the brief puts it) has brought the Oregon law under the rule of the *Phoenix Insurance Company* case.

 This change in language was effected by Oregon Laws 1945, Chapter 237, section 1, an amendment of OCLA, section 101-1801, which provided that the action must be commenced "within twelve months next after the fire." But the new language, it should be noted, is not "after the loss", or "after occurrence of the loss", but "after *inception* of the loss." The explanation of the reason for the amendment and its proper construction, in view of the history behind it, are to be found in *Margulies v. Quaker City Fire & Marine Ins. Co.*, 276 App Div 695, 97 NYS2d 100. This was an action on standard fire insurance policies to recover for damage caused by windstorm under extended coverage endorsements. The policies contained a suit limitation identical to that involved in this case and the court held that the action was barred. The opinion is of such importance to our present problem that we feel justified in quoting from it at length. The court said:

"Prior to July 1, 1943, the standard fire insurance policy provided that no suit or action on the policy should be maintained, among other things, 'unless commenced within twelve months next after the fire.' This clause was interpreted to mean that it was not necessary to bring an action within twelve months after any other type of casualty, for instance, damage by lightning. Forman v. Home Insurance Co., New York, 174 Misc. 478, 21 N.Y.S.2d 445; Fantozzi v. Security Mut. Fire Insurance Co., 247 App. Div. 686, 289 N.Y.S. 458. After these decisions, the suit clause in the standard policy was changed in 1943 to provide that no suit could be maintained 'unless commenced within twelve months next after inception of the loss.' The

extended coverage indorsements, such as the one here involved, specifically provide that they are 'subject to the stipulations, limitations and conditions of the policy of fire insurance.'" 97 NYS2d at 102.

The court said that in New York it had been settled law for almost a century that where a policy provides that suit must be brought within a designated period after "loss or damage" occurs, that period is computed not from the time of the occurrence of the physical loss, the casualty, or the event insured against, but from the time that liability accrues under the provisions of the policy; whereas limitations running from "after the fire" or "after the fire shall have occurred" had from early days been construed to mean that the limitations are to commence from the date of the destructive event rather than from the date when liability under the policy accrues.[1]

The opinion continues:

"Do the words 'inception of the loss' mean the date of the happening of the loss or damage out of which the claim arose? It is clear from the history of the limitation provisions in standard fire insurance policies that the use of the words 'inception of the loss' was intended to refer to the occurrence of the event giving rise to the claim of liability and not to the accrual of liability. 'Inception of the loss' was used in the 1943 standard fire insurance policy in the sense that 'after the fire' was used in the standard fire insurance policy prior to 1943, except that it was to apply also to additional coverages by indorsements on the 1943 standard fire insurance policy.

"But the intention of the draftsmen of the standard fire insurance policy form does not alone

[1] This accords with the opinion of this court in Egan v. Oakland Insurance Co., supra.

suffice unless words are used that fairly and reasonably make that intention clear to the ordinary business man who purchases a policy of insurance. Although perhaps more apt language could have been used, it must be borne in mind that extended coverage authorized by the statute might deal with a wide variety of types of insurance and that the draftsmen of the 1943 statutory form sought, by the language they employed, to have the period of limitation start from the occurrence of the casualty, the event or the situation, whatever it might be, that was insured against. We believe that the words 'inception of the loss' convey that intention with reasonable clarity. 'Inception' means the beginning, the commencement, the origination. 'Inception of the loss' is equivalent to the occurrence of the casualty or event insured against. We hold, therefore, that the suit, not having been commenced within twelve months after the 'inception of the loss,' that is, the occurrence of the casualty insured against, the claim is barred." 97 NYS2d at 104.

This decision was followed in *Longe's Estate v. Assurance Co. of America,* 107 NYS2d 961; *Thames Realty Corp. v. Massachusetts F. & M. Ins. Co.,* 16 Misc 2d 747, 184 NYS2d 170; and *Finkelstein v. American Ins. Co. of Newark, N. J.* (La App), 58 S2d 338, 340. There are no other decisions upon the question, so far as we are aware.

The change in the Oregon statute came two years after the change in the New York statute and may be reasonably assumed to have been an adoption of that statute. The decision of the appellate division of the New York Supreme Court in the *Margulies* case is entitled to great weight with this court not only because of that fact (see *Little v. Gladden,* 202 Or 16, 29, 273 P2d 443; *Castle v. Gladden,* 201 Or 353, 361, 270 P2d 675; *Macomber v. State et al.,* 181 Or 208, 242,

180 P2d 793), but also because of the authoritative explanation of the reason for the change and what was designed to be accomplished by it. Indeed, we think that the opinion in that case is practically conclusive of the question. We are, therefore, of the opinion that the 1945 amendment has made no change in the law as enunciated by this court in *Egan v. Oakland Insurance Co.,* supra, and that, since the present action was not commenced within 12 months after the fire, it is barred.

The judgment is reversed.

SLOAN, J., dissenting.

The provision of ORS 12.030 which defines what shall be deemed "an attempt to commence an action" makes no reference to the kind of action but limits the requirement to actions commenced "within the meaning of this chapter." This action, whatever its nature, was not commenced in any respect within the limitations or requirements of Chapter 12. It was governed by a special statute of limitations, and, therefore, it was commenced when the complaint was filed as provided by ORS 15.020. It is to be noted that this section applies to any kind of action, not just a special proceeding.

The language found in *Schulmerich v. First National Bank,* 1960, 220 Or 528, 531, 349 P2d 849, 851, that, "The general statutes of limitations, ch 12 of ORS are intended only to apply to common law rights of action. They do not affect a special statutory proceeding which sets up its own limitation as has the probate code pertaining to will contests. * * *" was not intended as language of limitation. It certainly should not be read to mean that ORS 15.020 is restricted to special forms of action.

The judgment should be affirmed.