Sidney H. Asch, J.
This is an action by a property owner against her fire insurance company. Motion by defendant for summary judgment dismissing the complaint is denied. Cross application by the plaintiff to amend her complaint so as to allege that the fire occurred on April 11 and 12,1967, is granted. Defendant may continue to plead the 12-month Statute of Limitations as a defense.
Suit was commenced by the service of a summons with notice upon the Superintendent of Insurance on April 12, 1968, The complaint contains the usual recitals that the plaintiff owned certain property and that the defendant issued a standard form *800 policy of fire insurance covering it. Further, it is alleged that there was a fire on April 11, 1967, which caused a loss to the property covered by the insurance. Compliance with all the conditions of the policy and the amount of damages is alleged. The answer admits the issuance of the fire insurance policy and receipt of proof of loss, but otherwise denies the material allegations of the complaint. Certain affirmative defenses are pleaded, particularly one alleging failure to commence suit within 12 months next after -inception of the loss. Defendant now moves for summary judgment based upon this defense.
It is defendant’s contention that the insured sustained a claimed loss resulting from a fire which commenced on April 11, 1967 but she did not commence her suit against the insurance company until April 12, 1968, which was more than 12 months after the fire had begun. Defendant’s .position is that the “ inception of the loss ” took place on April 11, 1967, that the plaintiff sued the insurance company April 12, 1968, which is one day more than 12 months after the fire started. Section 168 of the Insurance Law as well as the policy of insurance which was issued pursuant to that provision of law, provides that action must be commenced ‘ ‘ within 12 months next after inception of the loss ”.
This special statute and contract of insurance supersede the otherwise applicable Statute of Limitations (CPLR 201 ; see, also, Proc v. Home Ins. Co., 17 N Y 2d 239). If the time within which the action must be brought is measured from the day on which the fire started then, without question, defendant must succeed on its motion for summary judgment. If the time to sue is to be measured from some later point of time, the motion must be denied, for a factual presentation of the facts at trial.
Under the 1943 standard fire insurance policy the action must be started ‘‘ within twelve months next after inception of the loss ” (Insurance Law, § 168).
However, it is important to realize that the standard fire policy adopted as a result of legislation in 1887 and 1918, provided that suit on the policy had to be instituted ‘1 within twelve months next after the fire ” (see American Bar Assn., Insurance Law Section, Annotation of 1943 N. Y. Standard Fire Insurance Policy [1953], p. 152). It was interpreted to mean that the period of limitations ran from the date of the fire (see Allen v. Dutchess County Mut. Ins. Co., 95 App. Div. 86). With the expansion of fire insurance policies to cover additional risks such as “ lightning ”, “theft”, “ windstorm ”, the 12-month limitation on actions based on fires was enlarged by the legislation in 1943 so that the standard policy replaced the phrase *801 “ after the fire ” by the words “ after inception of the loss ” (L. 1943, ch. 671, § 1 ; see, also, L. 1942, ch. 900, § 1). The broader coverage did not change the rule that suit based on a fire loss had to be commenced within twelve months after the date of the fire (Proc v. Home Ins. Co., supra ; Margulies v. Quaker City Fire & Marine Ins. Co., 276 App. Div. 695 ; Longe’s Estate v. Assurance Co. of Amer., 107 N. Y. S. 2d 961 ; see, also, 31 N. Y. Jur., § 1578).
This seems to be "the favored approach in other jurisdictions (Steel v. Phenix Ins. Co. of Brooklyn, 154 U. S. 518 ; Finkelstein v. American Ins. Co., 222 La. 516 ; Kirk v. Firemen’s Ins. Co. of Newark, 107 W. Va. 666 ; see Ann. 95 ALR 2d 1023).
But the mere incantation of this catechism does not explain whether ‘ ‘ after the fire ’ ’ means after the spark is ignited, or after the conflagration has been extinguished, or after some other point of time. There is no New York case in which the timely commencement of the action on the policy turned on whether the time began to run at the start of the fire or at the conclusion (Margulies v. Quaker City Fire & Marine Ins. Co., supra ; Hamilton v. Royal Ins. Co., 156 N. Y. 327 ; Bellinger v. German Ins. Co., 51 Misc. 463, affd. 113 App. Div. 917, affd. 189 N. Y. 533 ; Glenn v. Royal Ins. Co., 122 N. Y. S. 2d 461 ; Longe’s Estate v. Assurance Co. of Amer., supra ; Bummel v. Hartford Fire Ins. Co., 158 Misc. 311 ; Fantozzi v. Security Mut. Fire Ins. Co., 247 App. Div. 686 ; Forman v. Home Ins. Co., 174 Misc. 478 ; Kahn v. Lumbermens Mut. Cas. Co., 293 F. Supp. 985 [E. D. N. Y., 1968] ; Proc v. Home Ins. Co., supra).
There is only one case which squarely holds that the time for suit on a fire loss is to be reckoned from the date the fire broke out, not the date on which the fire was extinguished (Allemania Ins. Co. v. Little, 20 Ill. App. 431 ; and cf. Western Coal & Dock Co. v. Traders Ins. Co., 122 Ill. App. 138). But that case was decided in Illinois in 1866, over a hundred years ago.
In this case of novel impression, the arguments are persuasive that the time should be deemed to run from when the fire is put out. As apparently happened in the instant case, usually it is not known precisely when the conflagration started. It is known when the fire was extinguished and this is generally susceptible of substantiation from the fire department records. Certainly, an assured can have no idea of even the gross extent of his loss until after the fire has run its course. It seems fair to give him 12 months to sue from the time the fire has ended, rather than from a dubious point of beginning.
An additional argument, if it is needed, is the hoary legal maxim to the effect that an ambiguous contract of insurance *802 should be construed against the draftsman (Johnson Corp. v. Indemnity Ins. Co., 6 A D 2d 97, affd. 7 N Y 2d 222 ; Giambalvo v. Phoenix Ins. Co. of Hartford, 178 Misc. 887 ; Woods Patchogue Corp. v. Franklin Nat. Ins. Co. of N. Y., 5 A D 2d 577, revd. on other grounds 5 N Y 2d 479 ; Happy Hank Auction Co. v. American Eagle Fire Ins. Co., 286 App. Div. 505, mod. on other grounds 1 N Y 2d 534).
A question of fact is raised as to when the fire actually started. Only a trial can determine whether the loss occurred on April 11 or April 12.
Plaintiff will serve her amended complaint within 10 days after service of a copy of this order with notice of entry thereof.