443 F.2d 844
 UNITED STATES NATIONAL BANK OF OREGON, a National Banking Association, Plaintiff-Appellee,
v.
AMERICAN HOME ASSURANCE COMPANY, a New York Corporation, Defendant-Appellee.
Charles L. SHEPHERD, Intervening Plaintiff-Appellant,
v.
UNITED STATES NATIONAL BANK OF OREGON, a National Banking Association, Plaintiff and American Home Assurance Company, a New York Corporation, Defendants in Intervention.
 No. 26432.
 United States Court of Appeals, Ninth Circuit.
 June 15, 1971.
 Rehearing Denied July 16, 1971.
 
 R. W. Kitson (argued), of Rader & Kitson, Portland, Or., for appellant.
 Lloyd B. Ericsson (argued), of Dusenbery, Martin, Bischoff & Templeton, Kenneth D. Stephens, John C. Beatty, Jr., Portland, Or., for appellee.
 Before MERRILL, BROWNING, and KILKENNY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Shepherd, plaintiff in intervention, appeals from the order of the district court granting a motion for summary judgment dismissing his action on the grounds that it was barred by the limitation clause contained in an insurance contract.
 
 
 2
 American Home Assurance Company (Company) issued an insurance policy on an airplane to Shepherd, with a loss payable and breach of warranty endorsement in favor of the United States National Bank of Oregon (Bank). On March 11, 1968, the aircraft was destroyed in an in-flight accident. The insured immediately notified the Company of the loss. After some correspondence, on September 19, 1968, the Company denied coverage as to either Shepherd or the Bank.
 
 
 3
 On March 5, 1969, the Bank filed a diversity action against the Company to recover on the loss payable endorsement. On May 16, 1969, Shepherd filed a petition to intervene as plaintiff in the Bank's action, and this was granted. The Company filed a motion for summary judgment, asserting that Shepherd's pleadings and exhibits showed the action was barred by the contractual limitation period. The district court granted the motion.
 
 
 4
 The insurance policy in question contained a provision that any action under the policy must be commenced within twelve months "next after the happening of the loss." It also contained a clause providing that no action should lie until thirty days after proof of loss was filed and the amount of the loss was determined as provided in the policy.
 
 
 5
 Shepherd contends that the twelve-month limitation period, when viewed in conjunction with the "no action" clause, must be interpreted to run from the time the cause of action arose against the Company rather than from the date of the accident. In this case a cause of action did not arise until the Company denied liability; therefore, Shepherd urges, his action is not barred.
 
 
 6
 The district court concluded that under Oregon law the contractual limitation period ran from the date of the accident, and that enforcement of the limitation provision would be barred if, but only if, it would be unreasonable to apply it under the circumstances of a particular case, citing Bell v. Quaker City Fire & Marine Insurance Co., 230 Or. 615, 370 P.2d 219 (1962); See also Egan v. Oakland Home Insurance Co., 29 Or. 403, 42 P. 990 (1895).
 
 
 7
 Shepherd has not convinced us that the district court was clearly wrong in its view as to the rule which the Oregon Supreme Court would adopt. Owens v. White, 380 F.2d 310, 315 (9th Cir. 1967). Shepherd does not argue that the limitation period was unreasonable as applied to his case or that the Company acted in such a fashion to estop it from asserting the limitation as a defense.
 
 
 8
 The judgment is therefore affirmed.