611 P.2d 1009

**H–K CONTRACTORS, INC., a corporation, Plaintiff-Respondent,**

v.

**The CITY OF FIRTH, a municipal corporation, Defendant-Appellant.**

No. 12968.

Supreme Court of Idaho.

Oct. 2, 1979.

Thomas E. Moss of Stout & Moss, Blackfoot, for defendant-appellant.

William Charles Carr of Petersen, Moss & Olsen, Idaho Falls, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a summary judgment wherein plaintiff-respondent, H–K Contractors, Inc., recovered $7,568.10 for labor and materials it furnished as a subcontractor under a public works contract. The facts are not in dispute and the only issue is whether the provisions of I.C. § 50–219, requiring "claims for damages" to be submitted to a city within sixty days of the time the "damages" occurred, are applicable under the circumstances presented in the case at bar. We hold the notice provisions of I.C. § 50–219 inapplicable and affirm the summary judgment.

Defendant-appellant, City of Firth, contracted with one Douglas Hampton to construct streets in the City of Firth. I.C. § 54–1926, provides that under such circumstances any public body shall require the contractor to post a bond "for the protection of persons supplying labor or materials to the contractor or his subcontractors in the prosecution of the work * * *." The City failed to require the posting of such a bond. Hampton then subcontracted with H–K Contractors, who provided work and materials valued at $7,568.10. After the completion of the work, the City of Firth paid Hampton. H–K Contractors sought payment from Hampton, but payment was never received and Hampton filed for bankruptcy.

H–K Contractors demanded payment from the City pursuant to I.C. § 54–1928, which provides:

> "54–1928. *Liability of public body for failure to obtain payment bond.*—Any public body subject to this act which shall fail or neglect to obtain the delivery of the payment bond as required by this act, shall, upon demand, itself promptly make payment to all persons who have supplied

materials or performed labor in the prosecution of the work under the contract, and any such creditor shall have a direct right of action upon his account against such public body in any court having jurisdiction in any county in which the contract was to be performed and executed which action shall be commenced within one (1) year after the furnishing of materials or labor."

This action ensued and H–K Contractors moved for summary judgment on the basis that the undisputed facts revealed it was entitled to relief and the City of Firth sought summary judgment on the basis that I.C. § 50–219 was applicable to the present action and H–K Contractors had not complied with the notice requirements thereof. The district court held I.C. § 50–219 inapplicable and granted summary judgment in favor of H–K Contractors.

In the private sector, one furnishing labor or materials can protect himself against nonpayment by either the owner or contractor by filing a lien on the property in question. However, the legislature has determined that in the public sector such remedies are either unavailable or would be unseemly and, hence, has enacted the Public Contracts Bond Act, I.C. §§ 54–1926 to –1930. Such statutes provide a substitute for the lien remedies available in the private sector. Those statutes provide that when a public body enters into a contract for the construction, alteration or repair of a public works, it shall require the contractor to post bonds containing, among other provisions, a guarantee of payment of those furnishing labor and materials in the public works. In the event of nonpayment, a cause of action is authorized against said bond.

Our legislature has gone further in seeking to protect those who have furnished labor and materials in connection with public works by the enactment of I.C. § 54–1928. Such statute requires that a public body that has failed or neglected to obtain a contractor's bond to itself promptly make payment to persons who have supplied labor or materials, and failing such payment au-

thorizes a direct cause of action by the creditor against the public body.

The sole defense of the City in the trial court, and its sole argument here, is that H–K Contractors failed to present its "claims for damages" within the sixty days allowed by I.C. § 50–219, and, hence, its present action is barred. We disagree.

We deem it clear that I.C. § 50–219 is a statute general in nature applying to common law actions against cities. Those statutes which require a municipality to secure a bond from persons with whom it contracts for the construction of public works, I.C. §§ 54–1926, –1928, which require the municipality itself to pay in the event the municipality fails to require a bond, are specific in nature and thereby govern and control over the provisions of a general statute. *See Hecko v. City of Chicago*, 25 Ill.App.3d 572, 323 N.E.2d 595 (1975) (notice requirement for tort claims not applicable to liability arising under a particular municipal code section); *Cooper v. Morin*, 50 A.D.2d 32, 375 N.Y.S.2d 928 (1975) (notice of claim not required for statutorily created cause of action); *see also Hook v. Horner*, 95 Idaho 657, 517 P.2d 554 (1973); *State v. Roderick*, 85 Idaho 80, 375 P.2d 1005 (1962); *John Hancock Mut. Life Ins. Co. v. Haworth*, 68 Idaho 185, 191 P.2d 359 (1948); *Sanders v. Ray*, 67 Idaho 200, 174 P.2d 836 (1946); *In re Desborough's Estate*, 220 Or. 528, 349 P.2d 849 (1960); *Nickerson v. Mecklam*, 169 Or. 270, 126 P.2d 1095 (1942).

The judgment of the trial court is affirmed. Costs, together with attorney's fees on appeal, to respondent.

DONALDSON, C. J., and BAKES, McFADDEN and BISTLINE, JJ., concur.