## City of Litchfield v. Litchfield Water Supply Co.

1. CONTRACTS—*When Void, Voidable or Invalid.*—A contract is void which is made without power to contract or which is inhibited on the grounds of public policy. A contract is voidable or invalid which the law says should not have been made as it was made.

2. SAME—*Remedy for Void and Voidable Contracts.*—In a void contract neither party has redress in law or equity; but in case of a voidable or invalid contract circumstances may arise which render it inequitable for one of the parties to repudiate it without restoring to the other what he has received.

3. ESTOPPELS IN PAIS—*Not Available in an Action in Ejectment.*—An estoppel *in pais*, affecting permanent interest in land, can only be made available in a court of equity. It can not be used in the trial of an action of ejectment.

4. SAME—*Where a Court of Chancery Will Intervene.*—Where a party by ejectment in a court of law seeks to repudiate his invalid contract, and to permit him to do so would be contrary to equity and good conscience, a court of chancery will stay the prosecution of the ejectment suit and allow the defendant therein to assert and maintain an equitable estoppel.

5. SAME—*When Applied to a Municipal Corporation.*—The doctrine of estoppel *in pais* is applicable to a municipal corporation. It may be estopped by the action of its proper officers, when the corporation is acting in its private, as contradistinguished from its governmental capacity.

6. MUNICIPAL CORPORATIONS—*May Act in Private, Also in Public Capacity.*—A municipal corporation which undertakes to construct and operate waterworks does so in its capacity of a private corporation and not in the exercise of its powers of local sovereignty.

7. SAME—*Contract by City in Regard to its Waterworks.*—The city of Litchfield entered into a contract in its private capacity with a company to whom it leased its waterworks, the company to operate and improve the waterworks, which contract was invalid from its inception; but the company having performed all the conditions required of it, the city is estopped from such a repudiation of its contract as will enable it to appropiate without compensation all the improvements placed upon the property by the company.

**Bill to Construe a Contract.**—Appeal from the Circuit Court of Montgomery County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed June 10, 1901.

**Statement.**—Appellee, the complainant below, filed a bill of complaint in the Circuit Court, setting forth that

defendant was, in 1891 and prior thereto, the owner of a waterworks system, by means of which it supplied water for public use and private consumption in Litchfield; that with the exception of one or two years between 1874 and 1891, the revenue derived from said system was insufficient to meet its operating expenses, and that the annual deficiency arising from the operation thereof had to be met by general taxation; that from 1888 onward the water supplied by said system was insufficient for the needs of the city for public uses and private consumption, and that in the summer of each year it became necessary to curtail the use of water for public and private uses, greatly to the inconvenience of all consumers. That in 1891 certain corporations who had been customers of the waterworks system and from whom the said system had derived an annual revenue of $4,800 determined no longer to abide the inconvenience to which they had been subjected and had determined to cease using the water from said system to supply themselves, and had taken steps to that end. That the loss of said customers would have created a further annual deficiency, in face of which the said system could not have continued in operation.

That on account of the insufficient water supply supplied by said system, the insurance companies had raised their premium rates and were threatening to withdraw from doing business in said city.

That there was no prospect that the said city would be in a condition to better the existing conditions inside of ten years; that an ample supply of water could be obtained by extending said system, but that said city was not in financial condition to make such extensions; that owing to the growth of the city since the original construction of said system large parts of said city were without water service and fire protection.

That irreparable injury would result unless the condition of affairs be bettered and the water supply increased. That therefore the said city on July 31, 1891, entered into a certain contract by which it leased its waterworks system to

certain parties for a term of years, by which the lessees agreed to extend said system so as to enlarge the supply of water and service, and by which the said lessees agreed to furnish water to the city for certain public uses free of charge. The said contract further provided that the city might terminate the lease at the end of the tenth or other further deferred years upon payment to the lessees of the value of the improvements and extensions made to the waterworks system by the lessees, such values to be fixed by arbitrators. That subsequently this contract was assigned to complainant as authorized by said contract; and that said complainant has faithfully performed its obligations thereunder. That it has furnished water to the city for fire protection and for other public uses free of charge; that the said water so furnished is of considerable value, which service has been accepted by the city in its corporate capacity. That the said city passed, in 1895, an ordinance regulating charges to be made by complainant for water service. That the city established, in 1895, a sinking fund to redeem said waterworks system, according to the terms of said lease, and has raised upward of $4,000 by taxation for such purpose, which fund is in part made up of taxes levied on orator's property.

That complainant's said system has been taxed by said city for its corporate purposes; that said taxes have been paid and applied to corporate uses. That the extensions of said system, made by orator, would be practically valueless if complainant is deprived of the use of the leased property. That the said city has authorized the bringing of, and then has brought, an action of ejectment in the Circuit Court of Montgomery County to recover the possession of said leased property. That orator has offered to surrender to said city the said leased property upon being paid for its improvements and extensions; that orator has not at law a full, adequate and complete defense to said action of ejectment.

Complainant prays that the contract of July 31, 1891, may be construed and its legal effect determined, and the

rights of the parties under the said contract and the bill declared; that it be decreed whether the provision in said contract providing for ascertaining the value of improvements by arbitration, ousts this court of jurisdiction to ascertain the same; that if this court has jurisdiction to ascertain the same, that until the sum found due complainant by arbitration or otherwise for said improvements and extension be paid, the said city be enjoined from interfering with complainant's possession of the said leased property; that said city be enjoined from proceeding with the pending action of ejectment brought by it.

The defendant interposed a general demurrer which was overruled. Defendant elected to stand by its demurrer and the court thereupon entered a decree in favor of complainant, finding that by the acts and doings of the city of Litchfield it was estopped in equity from declaring the contract of letting illegal and void, and from ejecting the complainant from possession of the leased property without making compensation for the improvements and extensions made by complainant; that the estoppel was not available at law, and that the complainant had not at law a full and adequate defense to the pending action of ejectment. The decree further declared that the provision in the lease that the defendant should have the right to terminate the lease at the end of the tenth, fifteenth and twentieth, or at the end of any of the years thereafter, was not binding upon the defendant so as to prevent it from terminating the lease at any time it might elect so to do, but that the defendant had the right to terminate the lease and retake possession of the leased property and all improvements made by the complainant for use in the operation of the water-works system at the time, upon paying to the complainant the value of the improvements as agreed upon by them, as ascertained by arbitration. The decree gave to the defendant the election of having the value of the improvements fixed by agreement, by arbitration, or by the court, but enjoins it from prosecuting the ejectment suit instituted by it, and from prosecuting and proceeding at law against

appellant to recover possession of its waterworks property until after the value of the improvements made by appellant should be ascertained and paid.

From the decree appellant prosecutes this appeal.

PAUL McWILLIAMS and BROWN, WHEELER, BROWN & HAY, attorneys for appellant.

JAMES M. TRUITT and ZINK, JETT & KINDER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

That the city of Litchfield had legal power to lease its waterworks property or contract for its improvement and operation by another party, we have no doubt. That authority was expressly given in the charter under which the city operated. Independent of such expressed authority it had the power, because the property was held and operated by it as a private corporation, as contradistinguished from its governmental capacity.

When a municipal corporation undertakes to construct and operate waterworks, it does so in the exercise of its private and not of its governmental functions. Wagner v. City of Rock Island, 146 Ill. 139.

But while the city had the power to make a contract for the leasing of the property or its operation by another it was not authorized to make the particular contract that was made with appellee. It was not such a contract as either party could enforce in a court of equity or recover damages for a breach of in a court of law; in other words, the contract of lease of July 31, 1891, was at its inception invalid. That stands admitted by both parties to the controversy, and for that reason it is not necessary to point out the features that make it invalid. It is assumed by appellant that appellee in resorting to a court of equity to restrain proceedings at law for the possession of the water works property plant its suits upon the principle of the private corporation which has made a contract in excess of

its corporate powers will, when the contract has been performed by the other party, be precluded from availing itself of the original invalidity of the contract. Appellant then lays down the proposition that if the fact of performance by the water supply company cured the original invalidity of the contract it could avail itself thereof at law, and can not, therefore, resort to a court of equity with such defense.

It insists, however, that the lease was not made valid by the fact that the water supply company performed its obligations thereunder. Quite a list of authorities is submitted in support of the proposition that the fact of performance by the other party, of a contract with a municipal corporation, which the corporation had no power to make, does not make the contract valid and enforcible against the corporation. As a proposition of law it must be conceded that appellant is correct in such insistence. As we understand it, however, appellee does not contend that the contract has been made valid and enforcible by reason of the performance on its part. It is not seeking an enforcement of the lease, but merely remuneration for the improvement which it has placed upon appellant's property, and to that end asks that it may not be disturbed in its possession of the property until the amount of remuneration shall be ascertained and paid. Its theory is not, as assumed by appellant, that the lease, although void at its inception, has become valid by reason of appellee's performance; but that the city, having power to make a lease of its waterworks, and having made the lease in question, and appellee having performed all the conditions in the case required of appellee, is estopped from such repudiation of its contract as will enable it to appropriate without compensation all the improvements placed upon the property by appellee, although the lease was invalid at its inception.

In considering the lease involved we should observe the distinction between the terms void, voidable and invalid, as applied to contracts. That contract is void which is made without power to contract or which is inhibited upon grounds of public policy; that contract is voidable or invalid which

the law says should not have been made as it was made.   In case of a contract absolutely void neither party has redress in either law or equity, and where a municipal corporation enters into a contract concerning a matter about which it had no power to contract, no implied obligation arises to compensate the other party for what he may have done under the contract, notwithstanding the corporation may have received a benefit therefrom.   In case of a voidable or invalid contract circumstances may arise which render it inequitable for one of the parties to repudiate it without restoring to the other what he has received from the other. Void and invalid contracts concerning interests in real estate stand upon the same footing in a court of law; in that forum the legal title must prevail; but where a party by ejectment in a court of law seeks to repudiate his invalid contract, and to permit him to do so would be contrary to equity and good conscience, a court of chancery will stay the prosecution of the ejectment suit and allow the defendant therein to assert and maintain an equitable estoppel. Estoppel *in pais* affecting interests in land, can not be involved in an action in ejectment, and can only avail in a court of chancery.   Mills v. Graves, 38 Ill. 466; Blake v. Fash, 44 Ill. 302; Winslow v. Cooper, 104 Ill. 235.

The doctrine is firmly established in our State that estoppel *in pais* is applicable to municipal corporations as well as to private corporations, and individuals, when acting in private capacity, as contradistinguished from governmental capacity.   Martel v. East St. Louis, 94 Ill. 67; East St. Louis v. East St. Louis Gas Light and Coke Co., 98 Ill. 415; City of Chicago v. Sexton, 115 Ill. 230; Gregsten v. City of Chicago, 145 Ill. 451.

The city of Litchfield entered into this contract in its private capacity as contradistinguished from its governmental capacity.   It had the power to contract for a lease of its waterworks, but the contract made was invalid, because of the long and indefinite period it was to run. Because of that invalidity it could not be enforced.   But the parties acted under it for several years, and the bill

shows that appellee expended over $20,000 enlarging and improving the property. It shows that the improvements are lasting and valuable. Appellant, after having in various ways recognized the contract as valid and induced appellee to make the improvements, now elects to repudiate the contract and in a court of law recover possession of the property without any remuneration whatever. In our opinion there is presented a most fitting case for equitable interference.

The case of Cook County v. City of Chicago, 158 Ill. 524, largely relied on by appellant, is readily distinguishable from this one. In that case certain property was conveyed by the State to the county, and the county was forbidden by statute to alienate it. The county made a contract with the city of Chicago by which the city was to erect a building on the property and have a right to use a portion of it. After the building had been erected and used several years the county brought ejectment. The city filed a bill in equity to enjoin the suit in ejectment, claiming that the contract having been performed on its part the county was precluded from asserting that the original contract was void. The Circuit Court and the Supreme Court both held the bill bad on demurrer and that the doctrine of equitable estoppel did not apply. But in that case there was no power to alienate. Not only so, but the county was by law expressly forbidden to alienate. The contract was void, not merely voidable.

No injustice is done appellant by the terms of the decree. It only requires the city to pay for the value of the improvements as they now stand. In ascertaining the value it is given the option of agreeing with appellee, submitting to arbitration, as the contract provides, or of having the value fixed by the court. The decree is right and will be affirmed.