# J. L. Holmes, Appellee, v. City of Chicago, Appellant.

## Gen. No. 21,957.

1. MUNICIPAL CORPORATIONS, § 799*—*when want of power of city to employ person to do work on extension of waterworks system must be pleaded.* Where the commissioner of public works of a city having statutory authority to construct and maintain a waterworks system employed a party to perform certain work in the extension of a part of such system but without first complying with an ordinance of the city requiring prepayment by property owners or persons desiring the extension of the cost thereof, *held* in an action to recover for such work done and accepted by the city, to which the general issue only was pleaded, that such employment was within the general scope of the city's authority and not *ultra vires,* and that the obligation could only be avoided, on account of the city's want of power, by plea and proof.

2. MUNICIPAL CORPORATIONS, § 799*—*what capacity city acts in constructing and operating waterworks.* When a municipal corporation undertakes to construct and operate waterworks it does so in the exercise of its private and not its governmental functions.

3. ESTOPPEL, § 55*—*when city is estopped to deny validity of contract of employment on waterworks system.* Where a city constructing and operating its own waterworks accepts the benefit of work done at its request in laying water pipes and extending its waterworks system, it is estopped from denying the validity of its contract of employment for such work.

4. MUNICIPAL CORPORATIONS, § 1219*—*when party doing work for city may recover on quantum meruit for his services.* A party performing work for a city, at its request, upon the waterworks system constructed and operated by it may recover therefor on the basis of a *quantum meruit* for the fair value of the work accepted by the city, in the absence of a contract between the parties.

5. LIMITATION OF ACTIONS, § 121*—*when defense of statute may not be raised.* A defense of the statute of limitations cannot be raised for the first time on appeal.

Appeal from the Superior Court of Cook county; the Hon. ED-WARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed February 9, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SAMUEL A. ETTELSON and RICHARD S. FOLSOM, for appellant.

HIRSCH & SCHWARTZ, for appellee; ULYSSES S. SCHWARTZ, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

The City of Chicago seeks to reverse a judgment of $7,570.75, rendered against it for work performed in 1893 by James O'Laughlin, under the supervision and at the request of its commissioner of public works. This work, consisting of blasting rock for a trench in which to lay water pipe, was accepted by the city, and such trench was thereupon and has continued to be used by the city for that purpose. There was then in force and effect an ordinance of the City of Chicago, which so far as material is as follows: "The commissioner of public works shall extend the water main only where the owners of property or persons desiring such extensions shall advance and pay into the city treasury a sum of money equal to the entire cost thereof, * * * to be repaid * * * when from the surplus of the net income from the water rates not otherwise appropriated or pledged there is in the city treasury sufficient money therefor * * *." Said water pipe was laid without the advance payment required by said ordinance. Following the completion of the work of blasting, a certificate was issued by the city to O'Laughlin certifying, in substance, that he had blasted rock amounting to $3,829 in certain streets for the purpose of laying water pipe, which amount would be refunded to him (and if not refunded within two years would thereafter bear interest) from any money belonging to the water tax fund not otherwise appropriated, whenever, upon survey, it was shown that a revenue from frontage water rates of ten cents per

lineal foot was being derived from said pipe. About six years thereafter, viz., on December 22, 1909, plaintiff, who became the bona fide assignee of said certificate, was notified by the city that the required revenue, for the first time, was being derived from said pipe, but that no appropriation would be available until the succeeding month. Later the city refused payment of said certificate upon the ground of its alleged invalidity.

The case proceeded to trial upon the common counts and a plea of the general issue. The city interposed as a defense upon the trial (and presents the same questions here) that there was no evidence: (a) of any contract entered into between O'Laughlin and the city to do said work; (b) that bids on the work (which amounted to more than $500) were called for, or advertised; (c) that an appropriation was made; and (d) that a deposit was made as required by said ordinance.

The city had the power, under statutory authority, to construct and maintain a waterworks system. The employment of O'Laughlin by the city was within the general scope of its authority, and in such case "where there is general power to do an act, if the authorities have failed to take the requisite steps to authorize the act in the particular case, it must plead and prove the facts which render the particular contract illegal. The obligation is not *ultra vires,* as being beyond the authority conferred upon the defendant by its charter, and if it seeks to avoid the obligation on account of its want of power, it must make good its defense by plea and proof." *City of Chicago v. Peck,* 196 Ill. 260. In the instant case no evidence was offered by the city, and the only plea filed by it was that of the general issue.

The case of the *Merchants Loan & Trust Co. v. City of Chicago,* 182 Ill. App. 298, was a suit upon a claim

evidenced by a certificate similar to the one in question, except such certificate was for money loaned. Questions similar in character to those presented here were raised in that case, and this court said: "As to all other objections to the finding that the city was liable on the certificate produced in evidence, it seems to us sufficient to say that there is no sufficient pleading by the city under which they can be considered."

It is admitted that the city by accepting the benefits of O'Laughlin's work is estopped from denying the validity of his employment, if, in laying said water pipe, and extending its system of waterworks, *it was acting in its private capacity*. It is well settled that when a municipal corporation undertakes to construct and operate waterworks it does so in the exercise of its private and not its governmental functions (*Wagner v. City of Rock Island*, 146 Ill. 139; *City of Litchfield v. Litchfield Water Supply Co.*, 95 Ill. App. 647); and it therefore follows that the city in the instant case was acting in a private capacity, and having accepted the benefits of the contract is estopped from denying its validity. *City of Chicago v. Norton Milling Co.*, 196 Ill. 580.

Furthermore, if there had been no contract between the city and O'Laughlin, plaintiff would be entitled to recover upon the basis of a *quantum meruit* for the fair value of the work accepted by the city. *Sexton v. City of Chicago*, 107 Ill. 323; *City of East St. Louis v. East St. Louis Gas Light & Coke Co.*, 98 Ill. 415. It is urged by counsel for the city that, even if plaintiff were otherwise entitled to recover upon that ground, he is barred by the statute of limitations. But that defense was not raised below.

The propositions of law presented to the trial court in behalf of the city were based upon the same theories of law presented here, and were properly refused. For the reasons herein stated the judgment of the Superior Court will be affirmed.

*Affirmed.*