THE CITY OF CHICAGO, Plaintiff and Counterdefendant-Appellee, *v.* SARAH VICKERS, Defendant and Counterplaintiff-Appellant.

(No. 56557;

First District—November 29, 1972.

Michael I. Brown, of Chicago, for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Thomas J. Cachor, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The City of Chicago brought an action against the defendant-counterplaintiff, Sarah Vickers, in the Circuit Court of Cook County for certain building code violations. She brought a counterclaim based on Section 1—4—7 of the Illinois Municipal Code and claimed the violations resulted from the demolition by the City of buildings immediately to the east and west of her building. The counterclaim was dismissed after the court determined Section 1—4—7 did not apply. She appeals from this ruling.

Sarah Vickers is the owner of a building at 2923 West Wilcox. This building was one of several townhouses which shared common or party walls. In July and December of 1969 the structures immediately to either side of Mrs. Vickers' building were demolished at the request of the City, by an independent contractor, pursuant to a court order, as required by the Municipal Code of the City of Chicago.

On June 4, 1970, the City filed a complaint against Mrs. Vickers for certain code violations which required her to repair her east and west exterior walls.

On June 30, 1971, Mrs. Vickers filed her counterclaim against the City, in which she alleged the violations resulted from the demolition of the adjacent buildings and the City was responsible for the damages done to her building under Section 1—4—7 of the Illinois Municipal Code, Ill. Rev. Stat. 1969, ch. 24, sec. 1—4—7.

The City filed a motion to dismiss, and the court dismissed the counterclaim, stating Section 1—4—7 was not applicable to this situation and no cause of action existed on behalf of Mrs. Vickers.

■■ The City maintains the counterclaim was properly dismissed under Section 8—103 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, sec. 1—101 *et seq.*), because it was not filed until eighteen months after the damage to her building in violation of sections 8—101 and 8—102 of the same act. Because this contention was not argued in the trial court and is raised

for the first time on appeal, we shall not consider it. *Holmes v. City of Chicago* (1917), 203 Ill.App. 445.

Section 1—4—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, sec. 1—4—7), relied on by the defendant-counter-plaintiff, provides:

> "The municipality shall be liable for any injury occasioned by actionable wrong to property by the removal, destruction or vacation, in whole or in part, of any unsafe or unsanitary building, by any municipal officer, board or employee charged with authority to order or execute such removal, destruction or vacation, if such removal, destruction or vacation is pursuant to valid statutes, ordinances or regulations, and if such officer, board or employee had acted in good faith, with reasonable care and probable cause."

The City contends Section 1—4—7 applies only when a municipal officer, board or employee has the authority to order or execute removal of the structure. Section 39—12 of the Municipal Code of the City of Chicago provides in part:

> "If any building shall be found in a dangerous and unsafe condition or uncompleted and abandoned  *  *  *  the corporation counsel is hereby authorized to apply to the Circuit Court of Cook County for. an order authorizing the city to demolish, repair or enclose or to cause the demolition, repair or enclosure of said building."

Because of this provision the City contends the only authority the municipality has is to make application to the Circuit Court for an order, and Section 1—4—7 imposes liability only where the municipality has taken action without a court order. The City suggests the factual situation contemplated by Section 1—4—7 can be found in *Di Maggio v. Mystic Building Wrecking Co.* (1960), 340 Mass. 686, 166 N.E.2d 213, where the statute provided for demolition only after the building commissioner had received the mayor's approval, not a court order. Illinois law, however, expressly requires application to the Circuit Court, not the mayor or any other administrative officer. (Ill. Rev. Stat. 1969, ch. 24, sec. 11—31—1.) The legislature was certainly aware of the legal procedure for demolishing buildings in Illinois.

■■ Secondly, the City suggests it is immune from liability because it was acting in its governmental capacity and not its corporate capacity; however, section 1—4—7 does not make any such distinction. In Illinois, sovereign immunity with respect to local municipalities has been replaced by the Local Governmental and Governmental Employees Tort Immunity Act, (Ill. Rev. Stat. 1969, ch. 85, sec. 1—101 *et seq.*). Section

2—101 of that act clearly eliminates governmental immunity in any action under section 1—4—7:

> "Nothing in this act affects the liability, if any, of a local entity or public employee based on:
>
> * * *
>
> (e) Section 1—4—7 of the 'Illinois Municipal Code' * * *."

■■ Thirdly, the City maintains the damage was caused by an independent contractor, and any negligence of such a contractor could not be imputed to the City. The statute does not contemplate that the actual work of removal must be done by a city employee, only that it be ordered by a municipal officer. Furthermore, it is well settled that the City cannot avoid or delegate its responsibility by contract.

Fourthly, the City contends Section 1—4—7 is not applicable to a party wall situation. It relies on *In re State Fire Marshal* (1963), 175 Neb. 66, 120 N.W.2d 549, in which a fire marshal was held not to be liable for damage done to a party wall when the action was instituted to protect the welfare of society. That case is not applicable to the instant situation because Nebraska had no such statute as Section 1—4—7, hereinbefore stated.

■■ The language of Section 1—4—7 is clear and when read with Section 2—101 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, sec. 1—101 *et seq.*), there can be no doubt the legislature intended the section to apply to the facts before us. We hold section 1—4—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, sec. 1—4—7), does apply to the instant case. The counterclaim does state a cause of action, and the cause should be heard on the merits. The court was in error in dismissing the counterclaim.

The judgment is reversed and the cause is remanded for trial.

Reversed and remanded.

BURMAN and ADESKO, JJ., concur.