Jerry H. Hecko *et al.*, Plaintiffs-Appellants, *v.* The City of Chicago *et al.*, Defendants-Appellees.

The City of Chicago, Plaintiff-Appellee, *v.* Jerry H. Hecko *et al.*, Defendants-Appellants.

(Nos. 56498, 57912 cons.;

First District (2nd Division)—January 14, 1975.

P. C. Noonan, of Park Forest, for appellant.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan, Jerome A. Siegan, and Roseann Oliver, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This appeal concerns two actions, one at law and one in equity, in connection with the City of Chicago's demolition, on September 14, 1967, of a building belonging to Jerry H. and Clarice Hecko (hereafter the Heckos). On August 1, 1968, the Heckos brought an action at law against the City of Chicago for damages allegedy incurred when the City, without their knowledge and without notice to them, demolished a building on property they owned jointly. This suit was dismissed because the allegedly required statutory "notice of injury" failed to state the resi-

dence address of the person injured, and the Heckos have appealed (No. 56498). (Ill. Rev. Stat. 1965, ch. 85, par. 8—102.) The Heckos have also appealed (No. 57912) from the trial court's denial of their motion to vacate the decree of foreclosure of the City's demolition lien because the City did not provide them with any notice either of the proceedings leading to the decree of demolition (which also created the lien sought to be foreclosed) or of the subsequent proceedings to foreclose the demolition lien. On this consolidated appeal, the Heckos contend: (1) their complaint at law for wrongful demolition should not have been dismissed for failure to comply with the 6-month notice requirement of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (hereafter "Tort Immunity Act"), because section 2—101 of the Tort Immunity Act specifically exempts from its provisions an action, such as this one for a wrongful demolition, brought under the provisions of section 1—4—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1965, ch. 85, pars. 2—101 & 8—102, and ch. 24, par. 1—4—7); (2) both the decree of demolition and the decree of foreclosure were void because entered without notice, and the filing of a special appearance on behalf of the Heckos in the original demolition proceedings did not waive the jurisdictional issue.

These demolition proceedings were initiated July 24, 1967, when the City of Chicago filed a complaint in chancery (case no. 67 CH 3788) against the Heckos alleging that on April 3, 1967, and at other times, certain violations of the Municipal Code of Chicago existed in property owned jointly by the Heckos and commonly known as 1618 North Burling, in Chicago. The complaint, which set out in detail the alleged violations, sought a fine in the amount of $800; the appointment of a receiver, if necessary, to correct the conditions; an order to demolish the premises; judgment against the defendants and a lien on the property for the costs of demolition, reasonable attorneys' fees, and court costs; and a temporary and permanent injunction requiring the defendants to correct the violations.

It appears from the pleadings that the City demolished the building on the property on September 14, 1967, pursuant to a decree of demolition entered on July 13, 1967, or July 21, 1967, although this decree is not in the record.[1] The common-law record contains no proof of service of process in 67 CH 3788.

On November 9, 1967, the Heckos filed a special appearance in the

---

[1] We do not purport to understand how the decree could have been entered before the complaint had been filed but no point has been made of this anomaly.

demolition suit (67 CH 3788) questioning the jurisdiction of the court over their persons in that they had "not been served with summons." At a hearing on December 24, 1967, the trial court stated that there was nothing in the court file "to indicate" that the Heckos were "served by the Sheriff's Office," and nothing in the file to show that the City of Chicago "published." The court concluded: "If that is the case, the default order was entered erroneously." The court advised the Heckos' attorney that his clients might have an action at law against the City for wrongful demolition.

On June 18, 1968, the City filed a complaint to foreclose its demolition lien and the case was assigned no. 68 CH 2506. Following service by a publication, a decree of foreclosure in favor of the City in the amount of $1,759.69 was entered on March 19, 1970. On May 20, 1970, an order was entered confirming a sheriff's sale of the property to the City of Chicago for the amount of $1,869.50 in satisfaction of the demolition lien.

On May 26, 1971, the Heckos filed a petition to vacate, which, as subsequently amended, alleged that the original decree of demolition entered in case 67 CH 3788 on July 13, 1967, was "void" because the Heckos were not served with summons and no publication was made; that they had had no notice of the complaint to foreclose the demolition lien, or of the subsequent sheriff's sale; that, in May of 1971, their attorney had examined the tract book in the office of the recorder of deeds and had discovered that the lien had been filed and that the City had purchased the property at the sheriff's sale; that the petition to vacate was filed a few days later. Although the petition stated that it was brought under section 72 of the Civil Practice Act, the Heckos questioned "the jurisdiction of the court" stating: (1) the original demolition suit (67 CH 3788) was void because they were not served with summons and no publication was made; (2) the affidavit for publication filed in the demolition lien foreclosure suit (68 CH 2506) which stated that upon diligent inquiry the Heckos could not be found was "defective," "erroneous" and "faulty," and did not set out the last known address of the defendants; (3) there was no "diligent inquiry" made to discover their address in case 68 CH 2506, because the City could have inquired as to the whereabouts of the Heckos from the attorney they had employed who had filed a special appearance in the demolition proceeding (67 CH 3788) and who had, on March 14, 1968, served the City with a notice of claim for wrongful demolition.

The City moved to strike and dismiss the amended petition on several grounds: that the Heckos were precluded from collaterally attacking the 1967 demolition decree because of the 2-year statute of limitations contained in section 72 of the Civil Practice Act; that the filing of the special

appearance in the original demolition suit charged the Heckos with knowledge of the demolition lien; and that the Heckos' failure to participate further in the demolition proceedings barred their section 72 petition because it showed a lack of due diligence. The motion of the City was granted on May 11, 1972, and the trial court subsequently refused to vacate that order in a written order dated June 29, 1972 in which the court stated, in part, as follows:

"[T]he court finds:

1. That the decree of demolition entered in the previous case of City of Chicago v. Jerry Hecko, et al, 67CH3788, not having been appealed within the prescribed time and the remedy under Section 72 of the Civil Practice Act having not been pursued, and the defendant, [sic] Jerry and Clarice Hecko, having knowledge of such proceeding by their counsel, that said decree was valid.

2. That the said defendants have shown no affirmative, valid defense in this instant action."

Meanwhile, on August 1, 1968, the Heckos had brought an action at law against the City for wrongful demolition. This suit was dismissed for failure to comply with the statutory 6-month notice requirement because the notice did not state "the residence of the person injured." Ill. Rev. Stat. 1965, ch. 85, par. 8—102.

Plaintiffs' first contention is that section 2—101 of the Tort Immunity Act exempts from its 6-month notice provisions actions, such as that in the case at bar, brought under section 1—4—7 of the Illinois Municipal Code. Section 2—101(e) of the Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85, par. 2—101(e)) provides:

"§ 2—101. Construction-Other relief

Nothing in this Act affects the right to obtain relief other than damages against a local public entity or public employee. Nothing in this act affects the liability, if any, of a local public entity or public employee, based on:

\* \* \*

e) Section 1—4—7 of the 'Illinois Municipal Code', approved May 29, 1961, as heretofore or hereafter amended." Laws of Illinois 1965, § 2—101, at 2985 (approved August 13, 1965).

Section 1—4—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1965, ch. 24, par. 1—4—7 provides:

"§ 1—4—7. Damages to property by removal, etc., of unsafe or unsanitary buildings—Liability

The municipality shall be liable for any injury occasioned by actionable wrong to property by the removal, destruction or vacation, in whole or in part, of any unsafe or unsanitary building,

by any municipal officer, board or employee charged with authority to order or execute such removal, destruction or vacation, if such removal, destruction or vacation is pursuant to valid statutes, ordinances or regulations, and if such officer, board or employee has acted in good faith, with reasonable care and probable cause." Laws of Illinois 1961, § 1—4—7, at 589 (approved May 29, 1961).

■■ The precise point at issue here was raised, but not decided in the case of *City of Chicago v. Vickers,* 8 Ill.App.3d 902, 291 N.E.2d 315. As the court there stated, section 2—101 of the Tort Immunity Act "clearly" is intended to eliminate governmental immunity in any action brought under section 1—4—7 of the Municipal Code. We therefore decide that the statutory notice requirements of the Tort Immunity Act do not apply to an action, such as that at bar, in which liability arises under the provisions of section 1—4—7 of the Illinois Municipal Code. The City misapprehends the meaning of the following passing reference to section 1—4—7 in *Arnolt v. City of Highland Park,* 52 Ill.2d 27, 32, 282 N.E.2d 144: "Section 1—4—7 of the Illinois Municipal Code deals specifically with 'liability' for injuries to third persons occasioned by the removal or destruction of buildings by public employees." The City suggests that "third persons" refers solely to persons other than the owners of such buildings. Read in context, however, it is clear that "third persons" refers to all persons other than the local governmental entity and the public employee(s) involved.

We now consider whether the petition to vacate the decree of foreclosure was properly denied. The order appealed from denied the Heckos' petition on the ground that the original 1967 decree of demolition had not been appealed, because more than 2 years had passed since the entry of the 1967 demolition decree, and because the Heckos had shown no meritorious defense. In so ruling, the trial court construed the petition to vacate as aimed at the 1967 demolition decree and as one seeking the usual equitable relief specified in section 72(1) of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, par. 72(1).) However, we think it is clear that the petition to vacate was one to vacate the decree of foreclosure of March 19, 1970. A motion to vacate the demolition decree, in view of the fact that the building had already been demolished, would have been an empty gesture.

■■ It has been held that a motion challenging jurisdiction and a motion to vacate under section 72 of the Civil Practice Act are entirely different motions based on different grounds which do not litigate the same matters. (*Keel v. Kostka,* 106 Ill.App.2d 172, 245 N.E.2d 607.) A motion

under section 72 is, nevertheless, an appropriate method for vacating a void judgment. (*Lake Shore Savings & Loan Association v. American National Bank & Trust Co.*, 91 Ill.App.2d 143, 148, 234 N.E.2d 418.) The record before the court in the original demolition action which also purported to create the lien sought to be foreclosed does not contain any proof of service or an affidavit supporting service by publication. In fact, the report of proceedings for December 24, 1967, indicates the trial judge examined the court file and found no "evidence of publication" or of service by the sheriff's office. If the 1967 decree was void, then it could be attacked at any time, either directly, or collaterally. Moreover, if the 1967 decree was void, then the subsequent proceedings based upon it were likewise void and the invalidity of the 1967 decree could be raised at any time subsequently. The Heckos did, in fact, challenge the 1967 decree in their petition to vacate the March 19, 1970, foreclosure decree. Thus the Heckos properly attacked both the 1967 demolition decree and the March 19, 1970, lien foreclosure decree on the grounds that they were void, that is, that the court did not acquire jurisdiction. This they could do in the form of a petition under section 72(7). Ill. Rev. Stat. 1969, ch. 110, par. 72(7).

■■■ Moreover, if the Heckos' May 24, 1971, "petition" is treated as brought under section 72 for equitable relief, it is to be considered as addressed to the validity of the decree of foreclosure entered on March 19, 1970. As amended, it does meet the traditional test for relief under section 72. First, it was filed within 2 years. Secondly, it alleged due diligence since it alleged that the petition was brought "within a few days" of the time the Heckos' attorney discovered the existence of the judgment in May of 1971. Finally, the petition alleged a meritorious defense when it alleged the underlying 1967 demolition decree was void and when it alleged that the affidavit in support of the notice by publication in the lien foreclosure proceeding was both defective and false.

■■ Therefore, whether the petition to vacate is considered to be one asking the traditional relief of a court of equity from a default judgment, or whether the petition is considered as one attacking the foreclosure decree for lack of jurisdiction (the option left open by section 72(7)), the 1967 decree could have been attacked. The petition was timely filed and set forth an affirmative defense. Consequently, the petition under section 72 should not have been dismissed. Rather, a hearing should have been held to determine if the 1967 decree was void or not, a matter that cannot be determined on the record before us and on which we express no opinion. Additionally, the Heckos were entitled to a hearing on their contention that the City had filed a false affidavit in the proceed-

ings to foreclose the demolition lien. As to the requirements for testing such an affidavit see *Graham v. O'Connor*, 350 Ill. 36, 40, 182 N.E. 764, and *Schwartz v. City of Chicago*, 21 Ill.App.3d 84, 315 N.E.2d 215.

For the reasons set forth, the judgment of the circuit court of Cook County dismissing the Heckos' suit against the City of Chicago for wrongful demolition is reversed and the cause remanded with directions to reinstate the case on the trial call. The judgment denying relief under section 72 of the Civil Practice Act is also reversed, and that cause is remanded with directions to determine if the court had jurisdiction to enter the 1967 and 1970 decrees and, if it did not as to either proceeding, then to set aside the decree of foreclosure, and for further proceedings not inconsistent with the views expressed in this opinion.

Judgments reversed and remanded for further proceedings.

DOWNING, P. J., and HAYES, J., concur.